UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMIAN BAEZ and EDEL DUARTE,
an individual

       Plaintiffs,

v.                                                    Case No: 2:13-cv-898-FtM-38CM

A.R.T. PEST CONTROL
SERVICES, INC.,

       Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Amended Joint Motion to Approve Settlement, Enter Judgment, and Memorandum of Law ("Amended Motion") (Doc. 23), filed on July 28, 2014. The Court denied a prior motion for settlement approval without prejudice and provided permitted the parties to refile a motion that included sufficient information for the Court to make the necessary findings with regard to the settlement. *See* Doc. 22. Within the time period allowed, the parties filed the Amended Motion. For the reasons set forth herein, the Court recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation. A failure to file timely objections waives a party's right to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02(a).

(11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs arising out of their employment as pest control technicians with Defendant. Doc. 1 at 4-5. Plaintiff Damien Baez claimed that he is owed approximately $8,100.00 in overtime wages, plus liquidated damages, attorneys' fees and costs.

Doc. 23 at 2; Doc. 17 at 4. Plaintiff Edel Duarte claimed that he is owed $1,528.28 in overtime wages, plus liquidated damages, attorneys' fees and costs. Doc. 23 at 2; Doc. 18 at 4. Both Baez and Duarte also sought alleged unpaid commission payments. Doc. 23 at 2.

Defendant has agreed to pay Plaintiff Damien Baez $1,500.00 for back wages and $1,500.00 for liquidated damages. Doc. 23 at 5. Defendant has agreed to pay Plaintiff Edel Duarte $500.00 for back wages and $500.00 for liquidated damages. Doc. 23 at 5. Defendant has also agreed to pay $2,500.00 for Plaintiffs' attorney's fees and costs, which the parties represent were negotiated separately so as not to affect Plaintiffs' recovery. Doc. 23 at 4, 5. Defendant has therefore agreed to pay and Plaintiffs have agreed to accept a compromised amount of the disputed overtime claims. The parties state that no separate settlement agreement has been prepared or executed by the parties; thus, the terms of the parties' agreement have been memorialized in the Amended Motion. Doc. 23 at 4.

> Pursuant to *Bonetti v. Embarq Management Company*:
>
> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless

it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable.

Thus, the Court, having reviewed the terms of the settlement as set forth in the Amended Motion, concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the Amended Joint Motion to Approve Settlement, Enter Judgment, and Memorandum of Law (Doc. 23) be **GRANTED** and the settlement be **APPROVED**; and

2. That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 31st day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record